IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACQUELINE CONNELL,  )
           )
        Plaintiff,  )  2:08-cv-00062-GEB-CMK
           )
  v.  )  ORDER GRANTING IN PART AND
           )  DENYING IN PART DEFENDANT'S
UNITED STATES OF AMERICA,  )  MOTIONS IN LIMINE
           )
        Defendant.  )
_____)

        On November 9, 2009, Defendant United States of America filed five motions in limine.

        Defendant's first motion seeks to exclude any testimony regarding Dr. Li Volsi that could constitute an alleged assault, battery or sexual battery under California law, and any testimony regarding emotional distress arising out of these torts. Defendant argues this exclusion is mandated by 28 U.S.C. § 2680(h), which bars such evidence from being used in support of Plaintiff's intentional infliction of emotional distress claim which is scheduled for trial.

        This motion is granted as to the following evidence: that Dr. Li Volsi's smacked Plaintiff on the butt, and that he tried to, and then successfully, kissed Plaintiff on the head.  The portion of

1 | the motion concerning Dr. Li Volsi's admission that he and Plaintiff
2 | had been intimate is discussed below.
3 |     Defendant seeks to exclude in its second motion any
4 | testimony at trial that Dr. Li Volsi sexually battered Plaintiff after
5 | he performed surgery on her, arguing such testimony is inadmissible
6 | under Fed. R. Evid. 602 due to Plaintiff's lack of personal knowledge,
7 | or alternatively, that the testimony would be unduly prejudicial under
8 | Fed. R. Evid. 403 because it would confuse the trial issues.
9 | Specifically Defendant seeks to exclude Plaintiff's evidence that at
10 | an appointment, Dr. Li Volsi said to her, "Relax, you're forgetting
11 | you and I have already been intimate before."  Plaintiff responds to
12 | this portion of Defendant's motion, arguing:

> The government misapprehends what plaintiff intends to prove at trial . . . . Obviously, the post-surgical events themselves do not prove that Dr. Livolsi was actually "intimate" with plaintiff . . . . [W]hether the sexual battery actually took place does not matter. ***The plaintiff's perception that her own doctor may have sexually battered . . .is what caused her to suffer emotional distress.***

18 | (Pl.'s Opp'n. to Def.'s Mot. In Limine 2)(emphasis added).
19 |     This statement is inadmissible for the purpose of
20 | proving that a sexual assault or battery occurred.  However,
21 | since the statement does not have to be construed as an
22 | allegation of sexual assault or battery, it is not barred
23 | because the mere utterance of the statement has independent,
24 | probative value on Plaintiff's intentional infliction of
25 | emotional distress claim.  Further, the statement's probative
26 | value is not substantially outweighed by the danger of
27 | confusion of the issues.  Therefore, this portion of the
28 | motion is denied.

1         Defendant's third motion seeks an order holding
2    that Plaintiff's counsel's statements to the Magistrate
3    Judge at an October 30, 2008 hearing "constitute binding
4    judicial admissions and/or admissions of a party opponent
5    under Rule 801(d)(2)."  Defendant cites U.S. v. Bentson,
6    947 F.2d 1353, 1356 (9th Cir. 1991), as support for the
7    judicial admission portion of the motion.  The Ninth Circuit
8    indicates in Bentson that a distinction exists between
9    counsel's statements made "merely [as] a concession for the
10   sake of argument" and those made as a "binding concession"
11   on an issue in a case.  One of the statements Plaintiff's
12   counsel made during the October 30 hearing, is "[t]his is
13   not a case involving sexual assault by Dr. Li Volsi . . .[;]
14   what we're saying is that the touching that was involved in
15   this case involved a smack on the butt . . . ."  Plaintiff
16   rejoins that "[s]tatements of counsel are not evidence."
17        Under Bentson, Plaintiff's counsel's statement
18   quoted above is a judicial admission in light of the context
19   it was made; therefore, this statement is binding on
20   Plaintiff.  See Bentson, 947 F.2d at 1356.  However, since
21   it is unclear whether the remaining statements Plaintiff's
22   counsel made during the October 30th hearing will become
23   ripe for judicial decision, they are not addressed, and that
24   portion of Defendant's motion is denied.
25        Defendant's fourth motion seeks an order excluding
26   any evidence or argument relating to the damages Plaintiff
27   seeks.  Specifically, Defendant argues exclusion of this
28   evidence is warranted since Plaintiff failed to disclose a

                                3

1 computation of damages as required under Federal Rule of
2 Civil Procedure 26(a)(1)(c). Defendant also seeks
3 exclusion of any testimony relating to Plaintiff's alleged
4 fear of gynecological examinations arguing such fear "is not
5 a recoverable item of damages." Lastly, Defendant seeks
6 exclusion of evidence and argument relating to prejudgment
7 interest and punitive damages arguing these damages are not
8 recoverable under the Federal Tort Claims Act.
9     Plaintiff counters she "is not required to provide
10 any more detail" than that her damages for "humiliation and
11 emotional distress" "will likely exceed $250,000," and that
12 these "[n]on-economic damages are not susceptible to
13 'computation.'" Further, Plaintiff rejoins her "fear of
14 gynecological examinations is very real and is compensable."
15     "While [Federal Rule of Civil Procedure
16 26(a)(1)(c)] generally requires a party to provide a
17 computation of damages, emotional damages, because of their
18 vague and unspecific nature, are oftentimes not readily
19 amenable to computation." Creswell v. HCAL Corp., No.
20 04cv388 BTM (RBB), 2007 WL 628036, at *2, (S.D. Cal. Feb.
21 12, 2007). "Plaintiff is permitted to seek such damages at
22 trial." Id. This portion of Defendant's motion is
23 therefore denied.
24     The portion of Defendant's motion seeking to
25 exclude evidence of Plaintiff's fear of gynecological
26 examinations is also denied, since Defendant has not show
27 this evidence is inadmissible.
28

Plaintiff's opposition does not address Defendant's argument that evidence relating to prejudgment interest and punitive damages should be excluded. Under the Federal Tort Claims Act, Defendant may "not be [held] liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. Therefore, this portion of the motion is granted.

Defendant's fifth motion seeks an order limiting the testimony of Plaintiff's family members on the grounds that their testimony would constitute an impermissible lay opinion under Fed. R. Evid. 701, or alternatively, is unduly prejudicial under Fed. R. Evid. 403. Plaintiff responds that her mother and sister are "competent to testify as to their observations of what plaintiff has gone through." Since it is unclear what precise evidence is sought to be excluded, this portion of the motion is denied.

Defendant also argues a letter penned by Peggy Connell, is inadmissible hearsay. Plaintiff responds she will not offer the letter into evidence. Accordingly, this portion of Defendant's motion is denied as moot.

Dated: December 21, 2009

GARLAND E. BURRELL, JR.
United States District Judge