1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE EASTERN DISTRICT OF CALIFORNIA

7

JACQUELINE CONNELL,                    )
8                                      )      2:08-cv-00062-GEB-CMK
                    Plaintiff,         )
9                                      )      ORDER
          v.                           )
10                                     )
UNITED STATES OF AMERICA,              )
11                                     )
                    Defendant.         )
12 ─────────────────────────────────── )

13          Defendant as the prevailing party at trial of this case has

14 submitted a bill of costs in which it requests that the Clerk tax

15 $11,015.78 for costs incurred in this action, the majority of which is

16 attributed to witness fees and fees for printing or electronically

17 recording transcripts.  Plaintiff objects to the bill of costs.

18          Plaintiff filed her complaint in this action in state court,

19 in which she alleged the following claims against her physician,

20 Doctor Frank LiVolsi ("LiVolsi"): (1) negligent infliction of

21 emotional distress; (2) intentional infliction of emotional distress

22 ("IIED"); (3) assault and battery; and (4) sexual battery.  The action

23 was removed to federal court, and the United States was substituted as

24 defendant in place of Livolsi after the Attorney General certified

25 under 42 U.S.C. § 233 that LiVolsi was an employee of the Public

26 Health Service acting within the scope of his employment during the

27 conduct giving rise to Plaintiff's claims.  As a result of this

28 substitution, Plaintiff's claims for assault and battery and sexual

battery were dismissed for lack of subject matter jurisdiction.
Defendant subsequently filed a motion for summary judgment on
Plaintiff's negligent infliction of emotional distress claim, which
was granted.  (Docket No. 58.)  Plaintiff's IIED claim was tried to
the bench in a three-day bench trial.  The Court issued an order in
which it held "plaintiff does not prevail on her IIED claim" because
she "has not demonstrated by a preponderance of the evidence that she
suffered severe emotional distress."  (Docket No. 112 11:15-16, 18-
19.)

        Federal Rule of Civil Procedure ("Rule") 54(d) prescribes
that "costs-other than attorney's fees-should be allowed to the
prevailing party" unless a federal statute, Federal Rule of Civil
Procedure, or court order provides otherwise.  Rule 54(d) "creates a
presumption in favor of awarding costs to a prevailing party, but
vests in the district court discretion to refuse to award costs."
Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572,
591 (9th Cir. 2000) (en banc).  "[C]osts are to be awarded as a matter
of course in the ordinary case."  Id. at 592.  However, the Ninth
Circuit has "approved several factors that would justify a district
court's refusal to award costs to a prevailing party: the losing
party's limited financial resources; misconduct on the part of the
prevailing party; . . . the importance and complexity of the issues;
the merit of the plaintiff's case, even if the plaintiff loses; and
the chilling effect on future civil rights litigants of imposing high
costs."  Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir.
2003) (citations omitted).

        Plaintiff failed to prevail on her IIED claim because she
did not satisfy the element of this claim requiring her to present

evidence that she suffered severe or extreme emotional distress. However, in light of Plaintiff's testimony concerning LiVolsi's last statement to her as he exited the examination room following his last examination of Plaintiff, the merits of Plaintiff's claim are such that the court denies Defendant's request for entry of its bill of costs.

Dated:  August 6, 2010

GARLAND E. BURRELL, JR.
United States District Judge